IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIFFORD WRIGHT III,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT THE DISTRICT OF NEBRASKA, and JOSEPH P. MEYER, Special Assistant United States Attorney;<br><br>Respondents. | 8:22CV439<br><br>MEMORANDUM AND ORDER |

This matter is before the court on initial review of Petitioner Clifford Wright III's ("Wright") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, Filing No. 1, his Petition supplements, Filing No. 7; Filing No. 8; Filing No. 31, eleven pending motions to amend his Petition, Filing No. 12; Filing No. 14; Filing No. 15; Filing No. 18; Filing No. 19; Filing No. 21; Filing No. 25; Filing No. 26; Filing No. 27; Filing No. 29; Filing No. 30 (the "Motions to Amend"); three motions relating to discovery in his pending federal criminal case (the "Discovery Motions"), Filing No. 13; Filing No. 16; Filing No. 17, a motion seeking the granting of his Motions to Amend, Filing No. 28, and an "advance notice of appeal," which the Court docketed as a motion, Filing No. 20.

The Motions to Amend shall be granted and are considered here as supplements to Wright's Petition. *See* NECivR 15.1(b). For the reasons discussed below, the Court,

having considered Wright's Discovery Motions, the motion seeking a ruling on his Motions to Amend, and his Petition and supplements, shall dismiss Wright's Petition without prejudice. While the Court addresses Petitioner's "advance notice of appeal," Filing No. 20, here, which shall be denied as premature, due to the dismissal of the Petition, all other remaining motions shall be dismissed as moot.

## I. INITIAL REVIEW

### A. Background

Wright is a federal pretrial detainee currently confined at the Hall County Department of Corrections awaiting trial in a pending criminal case: *USA v. Wright*, Case No. 8:22-cr-253-RFR-SMB (D. Neb.). On November 15, 2022, Wright was indicted on one count of possession of a firearm by a prohibited person. Filing No. 2, Case No. 8:22-cr-253 (the "Pending Criminal Case"). On December 13, 2022, following his arrest and detention, a Superseding Indictment was entered indicting Wright with one count of possession of 40 grams or more of a mixture or substance containing a detectable amount of Fentanyl with the intent to distribute, one count of possession of firearms in furtherance of a drug trafficking crime, and assigning count one of the initial indictment of possession of a firearm by a prohibited person as count three of the Superseding Indictment. *See* Pending Criminal Case, Filing No. 16; Filing No. 19 (discussing the renumbering of counts in the Superseding Indictment). Wright pleaded not guilty to all counts, *see* Pending Criminal Case, Text Minute Entry at Filing No. 22, and awaits trial currently set to occur on an unspecified date after the June 5, 2023, deadline for pretrial motions. Pending Criminal Case, Filing No. 43.

Condensed and summarized, Wright's claims set forth in his Petition and supplements all relate to his pending criminal prosecution as follows:[1]

1. Due process claims. *See* Filing No. 7 at 1–2 (claim alleging illegal detention prior to discovery of evidence); Filing No. 19 at 1–3 (claim alleging withholding of *Brady*, *Gigilio*, and *Jenks* material and federal statutory violations).

2. Claims relating to the constitutionality of his arrest. *See* Filing No. 1 at 6–7 (four claims alleging contraband was inaccessible rendering detention, arrest, and charges for possession improper); Filing No. 7 at 1 (claim alleging illegal arrest and due process violations); Filing No. 8 at 2–4 (multiple claims alleging *Franks* violations of false and misleading evidence used in affidavit for probable cause to issue warrant); Filing No. 12 at 2 (*Franks* violations of false and misleading evidence used in affidavit for probable cause to issue warrant); Filing No. 14 at 3 (claim of *Franks* violation due to inaccurate information contained in officer affidavit); Filing No. 27 at 1–3 (claim that the constructive possession doctrine invalidates his arrest); Filing No. 30 (claim that arrest was in violation of the 4th Amendment); Filing No. 31 (citing cases relating to the constitutionality of his arrest).

3. Illegal search and seizure claims. *See* Filing No. 7 at 1 (illegal seizure of evidence post-arrest); Filing No. 8 at 1–4 (multiple claims regarding search and seizure of evidence outside area of defendant's control, claim asserting where custodial arrest unjustified a warrantless search is improper, claim asserting a "hunch" does not establish

---

[1] Wright's Petition and supplements contain numbered claims that are not sequential in that Wright apparently inadvertently omits several claim numbers and duplicates several others. *Compare* Filing No. 7 (listing claims 5, 6, and 7 relating to alleged illegal arrest, illegal seizure, and due process violations relating to Wright's arrest preceding a search) *with* Filing No. 8 (listing claims 5, 6, and 7 relating to alleged illegal search and seizure, and lack of evidence). For ease of reference, the Court therefore categorizes the claims in lieu of using the claim numbers assigned by Wright unless in conjunction with a reference to the document where they are contained.

3

probable cause for a search); Filing No. 25 at 2–3 (claim regarding use of intimidation to obtain consent for search); Filing No. 26 at 1–2 (claim regarding warrantless search, search performed outside of the area of Wright's control, threats used to obtain consent); Filing No. 31 (citing cases relating to the search and seizure doctrine).

    4.    Claims involving improper use of evidence.[2] *See* Filing No. 8 at 1–3 (multiple claims regarding lack of evidence of control over contraband, evidence outside of the plain view of officers, claim regarding improper use of oral communications at a prison intercepted and recorded without either party's consent or knowledge, claim regarding suppression of evidence seized); Filing No. 12 at 1–2 (claim regarding improper use of oral communications at a prison intercepted and recorded without either party's consent or knowledge used to obtain grand jury indictment); Filing No. 14 at 1–3 (multiple claims relating to reliability of DNA test and test results and claim regarding use of incorrect prior conviction information as improper attack on defendant's credibility); Filing No. 15 at 1–3 (claim regarding involuntary confession not able to be used at trial, claim regarding use of inadmissible hearsay, claim regarding use of the equal access rule when one of the alleged possessors is not charged, several claims regarding altered DNA test results and their integrity); Filing No. 18 at 1–3 (claim regarding evidence obtained in violation of federal statute and claim regarding evidence containing *Franks* violations);

---

[2] Wright filed a motion on February 6, 2023, seeking to "preclude, delete, remove any language or grounds in reference to an altered, tampered, or suspicion integrity DNA report referring to Item 90.2/3069-A" (the "Motion to Withdraw"). Filing No. 21. To the extent those claims fell in this category of claims involving improper use of evidence, if the Motion to Withdraw were substantively addressed by this Court the named claims would likely be omitted from the Petition. However, as the Complaint is to be dismissed in its entirety, the Motion to Withdraw shall not be substantively addressed and those claims remain listed here.

The Court also notes that neither the inclusion nor the omission of the claims discussed in the Motion to Withdraw alters or changes this Court's decision here. The Court further notes that the claims regarding DNA evidence beginning with Filing No. 25, were filed after the Motion to Withdraw and therefore would remain.

Filing No. 19 at 1–3 (claim involving withholding of *Brady*, *Gigilio*, and *Jenks* material and federal statutory violations); Filing No. 25 at 1–2 (claims that DNA results are unreliable evidence and that unfair prejudice would result from their use); Filing No. 29 at 1–2 (claim that DNA evidence and testing is unreliable, claims that there is a lack of evidence regarding his possession, control and access to contraband, and general claim of lack of trial evidence).

5. Claim involving invasion of privacy prior to his arrest. *See* Filing No. 8 at 3.

Wright seeks an "injunction on his current incarceration, case dismissal . . . [and] monetary relief."[3] Filing No. 1 at 7.

## B. Discussion

Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, a petitioner must first exhaust his available remedies. *McNeil v. Newton*, No. 4:06C3305, 2007 WL 257668, at *1 (D. Neb. Jan. 25, 2007) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction)); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial.").

Here, all of Wright's claims relate to the constitutionality of his arrest, evidence obtained leading up to, during, and after his arrest, searches incident to and post arrest,

---

[3] Although the entirety of the Petition shall be dismissed on exhaustion grounds, the Court notes that monetary relief is not "an appropriate remedy under § 2241." *Peluso v. Outlaw*, No. 2:08CV00177, 2009 WL 856687, at *3 (E.D. Ark. Mar. 30, 2009), *aff'd*, 355 F. App'x 78 (8th Cir. 2009).

5

and the availability and use of evidence at his trial and would be dispositive of his pending federal criminal charges. These types of claims must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Moore v. United States*, 875 F.Supp. 620, 624 (D. Neb.1994), *appeal dismissed*, 54 F.3d 782 (8th Cir. 1995) ("Thus where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that a petitioner exhaust those claims by presenting them at trial and then on direct appeal."). Wright cannot challenge his pending federal prosecution in his current habeas petition.

## II. ADVANCED NOTICE OF APPEAL

Petitioner filed a document this Court construed as a motion titled "Preceding Advance Notice for Notice of Appeal" on February 2, 2023, attempting to give notice that he intends to appeal to the Eighth Circuit Court of Appeal "in light of the possibility a Judgment & Commitment may not be favorable to the [P]etitioner" in order to "eliminate any delays in the filing of a future Notice of Appeal." Filing No. 20.

Petitioner may not provide such advance notice of an appeal. *See Shelton v. Estelle*, 12 F.3d 1108 (9th Cir. 1993) (explaining that until an order and final judgment was entered in a habeas matter that any attempt to appeal is premature, and that a subsequent entry of judgment did not cure the premature appeal since "an appeal in a habeas proceeding may only be taken from the 'final order' disposing of all the claims for relief"). Therefore, to the extent Petitioner wishes to appeal the decision of this Court, a notice of appeal must be filed with the district court within 30 days of when the judgment or order appealed from is entered. *See* Rule 4(a)(1)(A), Rules of Appellate Procedure.

## III. CERTIFICATE OF APPEALIBILITY

Finally, 28 U.S.C. § 2253, which requires the district court to consider whether to issue a certificate of appealability ("COA") on appeal, applies to appeals from the denial or dismissal of habeas petitions under 28 U.S.C. § 2254, habeas petitions by state prisoners under 28 U.S.C. § 2241, and motions to vacate sentence by federal prisoners under 28 U.S.C. § 2255. However, a federal prisoner appealing the denial or dismissal of a § 2241 petition is not required to obtain a COA. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)). *See also Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (A COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order proceeding under section 2255;" thus, a state prisoner needs a COA to appeal a § 2241 or § 2254 judgment, but a federal prisoner needs a COA only for a § 2255 appeal, not § 2241.). Because Wright challenged only his detention by federal authorities and is presently confined in federal custody, the Court determines that Wright is exempt from the COA requirement.

IT IS THEREFORE ORDERED that:

1. The Motions to Amend at Filing No. 12, Filing No. 14, Filing No. 15, Filing No. 18, Filing No. 19, Filing No. 21, Filing No. 25, Filing No. 26, Filing No. 27, Filing No. 29, and Filing No. 30 are GRANTED.

2. The Notice of Advanced Appeal, Filing No. 20, construed as a motion, is denied as premature.

3. This case is dismissed without prejudice. All other pending motions in this case, Filing No. 13; Filing No. 16; Filing No. 17; Filing No. 28, are denied as moot.

4. A separate judgment will be entered.

Dated this 6th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court